UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK JEROME TUNSON                               CIVIL ACTION

VERSUS                                                NO. 06-3762

SHERIFF HARRY LEE, ET AL.                             SECTION: "F"(1)


REPORT AND RECOMMENDATION

Plaintiff, Frederick Jerome Tunson, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Harry Lee, Jean Lovett, and Correctional Health Care. In this lawsuit, plaintiff claims that he suffered adverse side effects after he was given the wrong medication on May 5, 2006, and that he did not receive timely medical treatment for his resulting symptoms.

A Spears hearing was held on August 21, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded. Based

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

While incarcerated at the Jefferson Parish Correctional Center, plaintiff was undergoing antibiotic therapy for a urinary tract infection. On May 5, 2006, Ms. Rochon, who has not been named as a defendant herein, was distributing medication to the prisoners. She opened the envelope for plaintiff and took out a green and white capsule. Plaintiff informed her that there must be a mistake, because his medication was a brownish orange pill. She assured him that the pharmacy knew what medication he was to receive and that perhaps his medication had been changed. Based on Rochon's explanation, plaintiff took the capsule. Approximately five or six hours later, he began experiencing headaches, dizziness, and cramps.

The following morning, plaintiff reported his symptoms to a deputy. The deputy called the medical department, but plaintiff was told to fill out a sick-call request. Later that morning, Rochon again came around with medications, and he reported his symptoms to her. When she opened his medication envelope that day, it contained a brownish orange pill. At that point, she realized that plaintiff had in fact received the wrong medication on the prior day. However, she told him that any side effects from the wrong medication would wear off.

Plaintiff was seen in the medical department for his symptoms on May 15, 2006. At that time, defendant Lovett told plaintiff that the capsule he was erroneously given on May 5 was Vistaril and that it would not have caused the symptoms plaintiff described. On June 10, 2006, a doctor at the facility told plaintiff that his symptoms were caused instead by high blood pressure and placed him on medication for that condition. Plaintiff, who has since been transferred to a different facility,

2

is still receiving medication for high blood pressure, and his symptoms are improving with the treatment.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] Rec. Docs. 2 and 3.

3

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

The constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In this lawsuit, plaintiff claims that his rights were violated when, on a single occasion on May 5, 2006, he was given the wrong medication by Ms. Rochon during pill call. That claim fails for two reasons. First, Rochon herself has not been named as a defendant, and the named defendants cannot be held liable for her act based on any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). Second, in any event, petitioner admitted at the Spears hearing that he does not believe that he was given the wrong medication intentionally, and he certainly is unable to point to any evidence showing that to be the case. Rather, at most, plaintiff's claim that he was given the wrong medication amounts to nothing more than a negligence claim. See Lavalais v. Cooper, No. CV04-1806A, 2006 WL 2224670, at *3 (W.D. La. July 10, 2006) (Kirk, M.J.) (adopted by Drell, J., on Aug. 2, 2006). However, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. To the contrary, "[i]t is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action." Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Simply put, allegations of malpractice or

5

negligence alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).

Further, to the extent that plaintiff is complaining about the delay between the time his symptoms began and the time he was seen in the medical department or by the jail physician, that claim fares no better. Mere delay in receiving medical care is normally insufficient to create § 1983 liability. Rather, delay in medical care results in a constitutional violation only if there has been deliberate indifference which results in substantial harm. Mendoza, 989 F.2d at 193. Where, as here, there has been no substantial harm resulting from the delay in receiving treatment for high blood pressure, the constitutional claim necessarily fails. See Harris v. Ashby, No. 01-11110, 2002 WL 1899583, at *2 (5th Cir. July 8, 2002). Moreover, the Court notes that once he was seen by the jail doctor, plaintiff began treatment for high blood pressure and his condition improved. The fact that the treatment did not immediately cure him of the unpleasant symptoms is of no moment. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of August, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**